UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| DOROTHY LOUISE EDWARDS, )<br>)<br>Claimant, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>*Commissioner of Social Security*, )<br>)<br>Defendant. ) | Case No. CV411-162 |

## REPORT AND RECOMMENDATION

Dorothy Louise Edwards, a 55-year-old former nurse's assistant and "resident supervisor," sought a period of disability, disability insurance, and supplemental security income benefits, claiming that she became disabled in either 2005 or 2006 due to seizures, hypertension, and depression.[1] (Tr. 12, 21, & 97.) Her applications were denied initially and on reconsideration. (Tr. 99-104, 109-20.) An Administrative Law Judge ("ALJ") conducted a hearing on September 18, 2009 (tr. 31-96), and entered an order denying Edwards' benefits applications on

---

[1] In her disability insurance benefits claim, she stated that she became disabled on May 10, 2005. (Tr. 174.) In her supplemental security income application, she stated that she had been disabled since December 19, 2006. (Tr. 179.)

January 19, 2010. (Tr. 12-23.) The Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.) Edwards then filed a complaint for judicial review in this Court contending that the Commissioner erred in reaching his decision. (Doc. 1.) The Court disagrees.

I. **STANDARD OF REVIEW**

Affirmance of the ALJ's decision is mandatory if her conclusions are supported by substantial evidence and based upon an application of correct legal standards. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is something more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and citations omitted). It "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks and citations omitted). If substantial evidence supports the decision, the Court will affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Id.* at 1158-1159. This Court cannot substitute its judgment

for that of the Commissioner. *Barnes v. Sullivan*, 932 F.2d 1356, 1357-1358 (11th Cir. 1991).

The burden of proving disability lies with the claimant. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To determine whether she has met this burden, the Court looks to the five-step evaluation process set forth in the Social Security Regulations. 20 C.F.R. § 416.920; *Dixon v. Astrue*, 312 F. App'x 227, 227-28 (11th Cir. 2009); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At step one, the claimant must prove that she has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. At step two, she must demonstrate a severe impairment or combination of impairments. *Id.* Then, at step three, if the claimant's impairment meets or equals a listed impairment, she is automatically found disabled. *Id.* If not, she must advance to step four, which requires her to prove an inability to perform past relevant work. *Id.* If she cannot perform past relevant work, stage five shifts the burden to the Commissioner to show that "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Id.*

## II. ANALYSIS

Claimant contends that the ALJ erred by failing to pose a complete hypothetical to the vocational expert who testified at the hearing. (Doc. 10.) Additionally, she claims that the appeals counsel erred by denying review when presented with new evidence. (*Id.*)

### A. Incomplete Hypothetical

The Commissioner must determine at step five whether significant numbers of jobs exist in the national economy that the claimant retains the residual functional capacity to perform. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, an ALJ may either apply the Medical Vocational Guidelines or obtain the testimony of a vocational expert. *Phillips*, 357 F.3d at 1239-40. Here, the ALJ used an expert.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam). The ALJ here determined that Edwards suffered from major depressive disorder and borderline intellectual functioning. (Tr. 14-15.) During her step-three analysis, the

4

ALJ found that Edwards had moderate difficulties with "concentration, persistence or pace." (Tr. 16.) Based on this assessment, the ALJ held that claimant should be limited to work that requires only simple, repetitive tasks. (Tr. 17.) The ALJ neither included those limitations directly nor indirectly, by limiting claimant to simple, repetitive tasks in her hypothetical to the vocational expert. (Tr. at 85-86.) Consequently, Edwards contends that the hypothetical was flawed and cannot support the denial of benefits at step-five. (Doc. 10 at 7 -9.)

Claimant relies upon *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011). In that case, the Eleventh Circuit held that an ALJ could not rely upon a vocational expert's assessment where that ALJ failed to pose a hypothetical question specifically accounting for claimant's "moderate limitation in maintaining concentration, persistence, and pace." *Id.* at 1181. At a glance, then, *Winschel* appears to favor claimant. The *Winschel* Court, however, also noted that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that *limiting the hypothetical to include only unskilled work sufficiently accounts for such*

5

*limitations.*" *Id.* at 1180 (emphasis added), *citing Simila v. Astrue*, 573 F.3d 503, 521–22 (7th Cir. 2009), *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1173–76 (9th Cir. 2008), *and Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001). The ALJ in *Winschel* failed to indicate whether the claimant could perform simple, repetitive tasks or unskilled work. *Winschel*, 631 F.3d at 1181. Here, however, the ALJ found that Edwards could perform simple, repetitive tasks. (Tr. 17.) Moreover, she included "unskilled work" in her hypothetical to the ALJ. (Tr. 86.) Hence, the hypothetical *was* adequate under *Winschel*, despite claimant's contrary insistence.

The Commissioner still had an ace in the hole, in any event. It is well established in this Circuit that an ALJ's error may be harmless so long as it did not prejudice the claimant. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983), *cited in Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010). In other words, where an omission from a hypothetical would not have changed the testimony of a vocational expert, such an omission is harmless. *Griffis v. Comm'r of Soc. Sec'y Admin.*, 420 F. App'x 857, 858 (11th Cir. 2010). Here, the vocational expert opined that claimant could perform work as a hand packager or housekeeper. (Tr.

22-23; 86.) Notably, it is claimant's burden to show that the ALJ's error was harmful, but claimant has never even suggested that the jobs identified by the vocational expert involved anything other than simple, repetitive tasks. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (noting that claimants bear the burden of showing that an error in an administrative proceeding was harmful). In fact, a Dictionary of Occupational Titles ("DOT") printout attached to claimant's arguments to the Appeals Council shows that both positions qualify as repetitive. (Tr. 281-88); *see also* DICTIONARY OF OCCUPATIONAL TITLES § 323.687-014 (4th ed. 1991) (housecleaning qualifies as repetitive work under specific instructions with relatively low aptitudes); *id.* § 920.587-018 (hand packager also qualifies as repetitive work). Claimant attacks the DOT sections by insisting that they are not part of the DOT (but they are direct copies of the DOT sections stored on Westlaw), and that they were not part of the record (but she made them part of the record). Again, claimant *never* disputes the Commissioner's contention that the jobs the expert listed would satisfy a perfect hypothetical including moderate limitations in concentration, persistence, or pace. In other words, any

error here was harmless, and a reversal here would simply further protract these proceedings.

## B. Appeals Council Evidence

After the ALJ rejected Edwards' claims, she submitted to the Appeals Council a letter from Dr. Carolyn Halley, along with MRI results, showing that she suffered from an "acutely bulging disc in her low back which, in combination with arthritis, has lead [sic] to stenosis in the L4-L5 region and a resultant weakness in her R[ight] foot." (Tr. 481 (letter); tr. 479-480 (MRI results).) The Appeals Council denied review after noting that it had received the new evidence. (Tr. 1-4.) Claimant contends that the Appeals Council's refusal to grant review was erroneous. (Doc. 10 at 9.)

"When a claimant submits new evidence to the Appeals Council, the Appeals Council must consider the evidence if it is: (a) new, i.e., non-cumulative; (b) material; and (c) relates to the period on or before the date of the ALJ's decision." CAROLYN A. KUBITSCHEK & JON C. DUBIN, SOCIAL SECURITY DISABILITY LAW AND PROCEDURE IN FEDERAL COURT § 6:39 (2012 ed.); *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) ("We review the decision of the ALJ as to whether the claimant was

entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision"). The issue here is whether or not the new evidence relates to the period before the ALJ's decision. Claimant contends that it does: "Edwards did not suddenly develop severe stenosis or moderate facet disease between January 19, 2010 and March 11, 2010." (Doc. 10 at 9.) This overstates the record a bit. While claimant may have suffered from some degree of arthritis prior to the hearing, it is clear from the new records that the "severe" stenosis resulted largely from an "acutely bulging disc." (Tr. 481.) There is no indication in the record that this "acutely bulging disc" existed prior to the hearing, despite claimant's insistence that the injury was not "traumatic." In fact, at the hearing Edwards told the ALJ that she had had an MRI of her back "and they couldn't find anything." (Tr. 42.)

Absent any evidence to the contrary, it was perfectly reasonable for the Appeals Council to conclude that some minor back malady had substantially worsened after the ALJ rendered her decision. Rather than offering any clear medical evidence explaining how the bulging disc developed, claimant turns the tables on the Commissioner by insisting

9

that he "identified no event causing traumatic worsening between January and March 2010." (Doc. 13 at 6.) Of course, claimant is in the best position to provide medical evidence explaining when and how the disc bulge developed, but she has not done so.

Where new evidence is "not probative of whether [claimant] was disabled during the specific period under review," the Appeals Council may deny review. *Leiter v. Comm'r of Soc. Sec. Admin.*, 377 F. App'x 944, 950 (11th Cir. 2010). Here, the Appeals Council's decision to deny review is supported by substantial evidence.

## III. CONCLUSION

Based on the foregoing, the Commissioner's decision denying benefits should be **AFFIRMED**.

**SO REPORTED AND RECOMMENDED** this <u>26th</u> day of July, 2012.

_____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA