FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 SEP 14 AM 11:04
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DOROTHY LOUISE EDWARDS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

    Defendant.

CASE NO. CV411-162

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 18), to which objections have been filed (Doc. 20). After a careful de novo review of the record, the Court finds Plaintiff's objections without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's Opinion in this case and Plaintiff's appeal is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

In her objections, Plaintiff contends that the Magistrate Judge's Report and Recommendation "rested on a misapprehension of [Plaintiff's] position," by finding that the Administrative Law Judge ("ALJ") did not err by failing to pose a complete hypothetical to the vocational expert. (Doc. 20 at 1.) Citing to Winschel v. Comm'r of

Soc. Sec., 631 F.3d 1176, 1180-81, Plaintiff alleges that "substantial evidence does not support the ALJ's step-five finding that [Plaintiff] could work as a hand packager and a housekeeper." Despite Plaintiff assertions, Winschel found that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." Winschel, 631 F.3d at 1180 (citations omitted). In so holding, Winschel was ultimately remanded because the ALJ there failed to indicate whether the claimant could perform simple, repetitive tasks or unskilled work. Id. at 1181. At present, and contrary to Plaintiff's objections, the ALJ found that Plaintiff could perform simple, repetitive tasks and the ALJ included unskilled work in the hypothetical posed to the vocational expert. (See Doc. 6-2.) Thus, bound by Winschel, Plaintiff's objection is without merit.[1]

---

[1] The Court also notes, as does the report and recommendation, that any error did not prejudice the Plaintiff and is harmless. (Doc. 18 at 6.) See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983).

2

Additionally, Plaintiff objects to the Magistrate Judge's recommendation that the Appeals Council denial was proper. (Doc. 20 at 4.) According to Plaintiff, the Court should reverse the Appeals Council's denial of review and remand the case for rehearing because new evidence requires additional consideration. (Id. at 5.)

A district court "must consider evidence not submitted to the [ALJ] but considered by the [Appeals Council] when [it] reviews . . . the final decision of the Commissioner of Social Security denying benefits." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1262 (11th Cir. 2007). Further, "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Id. Where new evidence "is not probative of whether [Plaintiff] was disabled during the specific time under review," the Appeals Council may deny review. Leiter v. Comm'r of Soc. Sec., 377 F. App'x 944, 950 (11th Cir. 2010). The onus remains on Plaintiff to demonstrate when and how any new condition developed. Here, Plaintiff has failed to do so. After a careful review, the Court cannot find that the new evidence renders the denial of Plaintiff's benefits erroneous. Thus, the Appeals Council's denial of review is supported

3

by substantial evidence, as explained in the report and recommendation.

SO ORDERED this 14th day of September 2012.

                                         WILLIAM T. MOORE, JR.
                                         UNITED STATES DISTRICT COURT
                                         SOUTHERN DISTRICT OF GEORGIA